[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (£ 138)
Plaintiffs, Robert and Janet Andersen, have brought an action against Santa Fuel, Keystone Insurance Company ("Keystone") and the South Central Connecticut Regional Water Authority ("the Authority"). As to Santa Fuel, the plaintiffs allege that Santa Fuel negligently caused oil to be poured and spilled into their basement. As to Keystone, it is alleged that Keystone has refused to provide insurance coverage for damage caused by broken water pipes (count two) and also refused to provide coverage to cover the damage resulting from the aforesaid oil spill (count three). Finally, as to the Authority, the plaintiffs allege that it was negligent as to certain water pipes that broke and caused water damage.
Keystone has filed a cross-claim action against the Authority in which it seeks indemnification for any damages it might have to pay the plaintiffs. The Authority has now moved CT Page 3274 for summary judgment on said cross-claim on the ground that Keystone has failed to plead a viable claim of indemnification against the Authority. Specifically, the Authority argues that Keystone cannot seek indemnification from the Authority because plaintiffs' allegations against Keystone are based on a breach of contract theory, namely the homeowner's policy. Since Keystone is the sole determiner of the plaintiffs' insurance claim, the Authority argues that it cannot be held responsible for the plaintiffs' allegations against the insurer.
Keystone has not filed an objection to the Authority's motion for summary judgment.
To successfully plead a cause for indemnification on an active/passive negligence theory, the Keystone complaint against the other party must contain allegations that: (1) the other party was negligent; (2) the other party's negligence was the direct and primary, immediate cause of the injury; (3) the other party was in exclusive control over the situation; and (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely on the other party to act without negligence. Burkert v.Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26
(1990).
A review of the cross-claim indicates that Keystone has met these cursory allegations. Nonetheless, the Authority argues that the claim for indemnification is improper since the plaintiff's allegations against Keystone are based on a breach of contract, namely Keystone's failure to cover the plaintiff's damages.
The court finds the Authority's argument persuasive. An indemnification action is proper in those situations where the third-party action is derivative of the original defendant's liability under the original action. See Sun Care Corp. v. LongRidge Nursing Rehabilitation Center, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144862 (April 27, 1999, Lewis, J.) (third-party action seeking indemnification based on alleged professional negligence stated an indemnification claim where third-party complaint was derivative of original breach of contract action; third-party complaint alleged that defendant/third-party plaintiff breached contract after relying on third-party defendant's advice).[1]
Thus, where third-party indemnification actions are brought under CT Page 3275 different theories of recovery (such as contract and common law negligence) there usually is some underlying allegation of a negligent act that is common to both the original and the third-party action. See Royal Insurance Co. v. Padua, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 540730 (May 8, 1997, Hale, J.T.R.) (indemnification complaint based on active/passive allegations proper where first-party complaint contained allegations of negligence in addition to breach of contract count).
In the present case, the action against the insurer is based strictly on breach of contract arising from the failure to pay monies allegedly owed to the insured under the policy. The cross-claim against the Authority does not appear to be in any way derivative of this action and thus cannot be brought under an active/passive negligence theory of indemnification.[2] Though Keystone may have subrogation rights against the Authority, the present case makes no such claim. The Authority's motion for summary judgment as to Keystone's cross-claim for indemnification is, accordingly, granted.
The Court
Nadeau, J.